THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA LISTER, in her individual capacity and family,<br><br>Plaintiff,<br><br>v.<br><br>COS, *et al.*,<br><br>Defendants. | CASE NO. C17-1298-JCC<br><br>ORDER |

This matter comes before the Court on Defendant King County's motion to dismiss (Dkt. No. 6) and Defendant City of Seattle's motion to dismiss (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

Plaintiff Andrea Lister ("Lister"), appearing *pro se*, initiated this lawsuit alleging that she has suffered injuries at the hands of various King County and City of Seattle employees. (Dkt. No. 1-2 at 5.) Lister is unclear about who and what exactly caused her injuries, but the Court can surmise the following from her complaint.

Lister names as defendants: "COS," "Prosecutors," "Marshal(s) TBA," "Seattle Police Dept + Officers TBA," "King County Et, Al.," "KC Prosecutors," "KC DAJD," "EE's,"

"Sargents," "CO's," "John & Jill Doe(s)," "Public Defense TBA."[1] (Dkt. No. 1-2 at 4.)

Lister alleges that "Between 01/01/05 and until presently" she was "subjected to civil and criminal behaviors from employees of the above agencies, government victim municipalities/county and the powers of the State . . . ." (*Id*. at 5.) Lister specifically states that she suffered "excessive solitary confinement, harsh conditions, but numerous violations of law as to pre-trial detainees, of statutes, regulation, and/or ordinance, policies, protocols, and conditions of confinement, health and welfare violations, lack of exercise, due care and caution as the conditions required . . . ." (*Id*.) Lister further alleges that as a result of this treatment she "sustained bodily injuries resulting in pain and suffering, aggravation, inconvenience, emotional distress and disturbance, and reduction in the capacity to enjoy life in the past, present, and possibly future entitling Plaintiffs to recover general damages in the amounts not now precisely known, but to be proven at the time of trial." (*Id*.)

On June 5, 2017, Lister filed her complaint in King County Superior Court and the City of Seattle ("Seattle") subsequently removed the case to this Court. (Dkt. No. 1.) Both Seattle and Defendant King County filed motions to dismiss based, among other grounds, on Federal Rule of Civil Procedure 12(b)(6).[2] King County alternatively asks the Court to require Lister to provide a more definite statement under Federal Rule of Civil Procedure 12(e). (Dkt. No. 6 at 1.) Lister has not filed a response to either parties' motion to dismiss.

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

---

[1] All spellings are taken verbatim from Lister's complaint. (Dkt. No. 1-2 at 1.)
[2] Neither King County nor Seattle have filed answers to the complaint.

However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotations omitted). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiffs who proceed *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

### B. Lister's Complaint

Lister's complaint asserts claims that are legally cognizable but not facially plausible. While far from clear, the Court construes Lister's complaint to allege federal civil rights violations. She alleges that Seattle and King County employees subjected her to criminal conduct which caused her to be injured. (Dkt. No. 1-2 at 5–6.) Lister asserts that these employees actions "were performed as policy of the above agencies and also individually, on behalf of, and in furtherance of their employment . . . ." (*Id*. at 5.) Under the liberal *pro se* pleading standard, the Court finds Lister has alleged a cognizable legal theory; for example, a violation under 42 U.S.C. § 1983.[3] Based on Lister's allegations, the Court also finds that all of the named Defendants are properly represented by either Seattle or King County.

Although the Court can conceive of a cause of action for Lister, it cannot conclude that she has offered an adequate factual basis to make her claim plausible. Lister's complaint does not identify a single government employee by name or work location. Those omissions alone makes it nearly impossible for Seattle and King County to defend against Lister's claims because they

---

[3] Lister's allegations, when taken as true, fall squarely within the elements of a 42 U.S.C. § 1983 claim; something both Defendants seem to concede when making statute of limitations arguments based on § 1983 claims. (Dkt. No. 6 at 5; Dkt. No. 8 at 6.)

ORDER
PAGE - 3

cannot be sure who committed the alleged harm. In addition, many of the parties Lister names as defendants are either unintelligible—e.g. "COS" and "EE's"— unidentifiable—e.g. "Prosecutor's" and "Sargeants"—or incapable of being sued—e.g. "Seattle Police Dept" and "KC DAJD." (*See* Dkt. No. 6 at 2–4.); *See Broyles v. Thurston County*, 195 P.3d 985, 994–95 (Wash. 2008) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."); *City of Seattle v. Dutton*, 265 P. 729, 731 (Wash. 1928) (City of Seattle liable for acts of negligence committed by Department of Parks because the department "is not an entity separate and apart from the city.")

Lister is unclear about when the unlawful conduct occurred. She lists "Between 01/01/05 and until presently" as the timeframe for her claims, but gives no further specificity for when Defendants caused her injury. (Dkt. No. 1-2 at 5.) This vagueness is compounded by the fact that Lister does not list a single location where any of the unlawful acts took place—other than to conclusively state "[T]he material events & tortuous conduct alleged herein occurred in Seattle, King County . . . ." (*Id.*) Seattle and King County are thus left to defend against unspecified torts, committed by unspecified employees, at unspecified places, on unspecified dates. Such conclusory allegations are the epitome of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not meet the facial plausibility standard. *Iqbal*, 556 U.S. at 678.

The Court is mindful that Lister is proceeding *pro se*, and without an attorney to help plead her claims. However, the Court cannot imbue Lister's complaint with the necessary facts needed to survive the Defendants' motions to dismiss. As currently constructed, Lister's complaint fails to state a claim for which relief can be granted.[4] King County alternatively asks the Court to require Lister to make a more definite statement. (Dkt. No. 6 at 1.); Fed. R. Civ. P.

---

[4] Defendants also ask the Court to dismiss Lister's lawsuit based on prosecutorial immunity, lack of capacity to be sued, the statute of limitations, lack of proper service, and failure to provide notice of a claim for damages. (*See* Dkt. Nos. 6 at 4–6, 8 at 6–8.) Since the Court has determined that Lister failed to state a claim for which relief can be granted, it chooses not to address these other bases for dismissal.

1  12(e). Given that Lister has not responded to the Defendants' motions to dismiss, the Court

2  concludes that dismissal without prejudice, with leave to amend, is the more appropriate course.

3  "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the

4  complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev.*

5  *Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010).

6  **III.   CONCLUSION**

7        For the foregoing reasons, Defendant King County's motion to dismiss (Dkt. No. 6) and

8  Defendant Seattle's motion to dismiss (Dkt. No. 8) are GRANTED. As a result, Lister's claims

9  against all Defendants are dismissed without prejudice. The Court GRANTS Lister leave to

10 amend her complaint. If Lister chooses to do so, she must file an amended complaint within 30

11 days of this order.

12       DATED this 29th day of September 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE