THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  ANDREA LISTER,                          CASE NO. C17-1298-JCC
10
                        Plaintiff,          ORDER
11
               v.
12
    COS, *et al.*,
13
                        Defendants.
14

15        This matter comes before the Court after its review of Plaintiff's second amended

16  complaint. (Dkt. No. 16). Plaintiff also has a motion to appoint counsel (Dkt. No. 13) pending

17  before the Court.

18        On September 29, 2017, the Court granted Defendants King County and City of Seattle's

19  motions to dismiss Plaintiff's claims without prejudice and allowed Plaintiff 30 days to file an

20  amended complaint. (Dkt. No. 15 at 1.) On October 31, 2017, Plaintiff filed both a motion for an

21  extension of time to file her complaint (Dkt. No. 14) and a motion to appoint counsel (Dkt. No.

22  13). The Court granted Plaintiff's motion for an extension of time and allowed her an additional

23  30 days to file an amended complaint. (Dkt. No. 15 at 2.) The Court did not consider appointing

24  counsel because it had previously dismissed Plaintiff's claims without prejudice. (*Id.*) In

25  accordance with the Court's order, Plaintiff filed an amended complaint on December 1, 2017.

26  (Dkt. No. 16).

The Court previously granted Defendants' motion to dismiss because Plainitff failed to state a claim upon which relief could be granted. (Dkt. No. 10 at 4.) The Court noted that while Plaintiff's claims were legally cognizable, they were not facially plausible. (*Id*. at 3–4.) Having reviewed Plaintiff's amended complaint, the Court again finds that she has failed to sufficiently plead facts that state a claim for which relief can be granted.

In her amended complaint, Plaintiff alleges that the Defendants violated her constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 16 at 5.) She states that "every pretrial detainee right was violated pro se as well, violations of laws, statutes, rights, policies, procedures." (*Id*.) She alleges that the events giving rise to her claim occurred in "KC SEA LOC @ DAJD SEA, KC Courts, WSH; COS loc @ SMC Courts, @ Home, @ City Streets – multiple." (*Id*. at 6.) Lister alleges that she "was victim of DV, Police Brutality by SPD, Injured Abused in KC Jail, beat in KC Jail, Injured, Raped @ WSH subjected to every horrible illegal act due to disability." (*Id*.)

Plaintiff attached a supplemental document to her complaint that lists over a hundred individuals as "additional defendants." (*Id*. at 10.) These individuals are variously listed by title and surname—for example "Mr. J. JELLEN (ACTING SEARGEANT)—or simply by surname—for example, "FARRINGTON." (*Id*. at 11.) Plaintiff does not explain how the majority of these individuals violated her constitutional rights or caused her harm. (*Id*. 10–14.) For other individuals, including Seattle Police Chiefs John Diaz and Kathleen O'Toole, Plaintiff makes several allegations that lack any specificity. (*See id*. at 18) ("Deliberate indifference, willful negligence knowing about issues with officers use of force, problems & dishonesty, failure to investigate, failure to act, failure to protect . . . .") Plaintiff's allegations against these individual Defendants vary widely by time and location. (*See generally* Dkt. No. 16 at 10–20.)

Federal Rule of Civil Procedure 8(a)(2), requires that a pleading that states a claim for relief must contain: "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8(a) "requires a complaint to include a short and plain statement of the claim

showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 78 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). In addition, to state a valid § 1983 claim, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant, and she must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

Plaintiff's amended complaint does not contain a short and plain statement that would give Defendants fair notice of the grounds upon which her claims rests. In fact, the opposite is true. Plaintiff lists as Defendants "City of Seattle, Seattle Police Dept., King County DAD, and King County et al."[1] (Dkt. No. 16 at 2.) As mentioned above, Plaintiff additionally included over 100 individuals as defendants, with varying degrees of identification or allegations regarding how they violated her constitutional rights. (*See id.* at 10–20.) It is not clear from the complaint who these individuals work for or how they specifically caused the harm Plaintiff alleges. Plaintiff's amorphous allegations are not sufficient to state a valid § 1983 claim against the Defendants. Even under the Ninth Circuit's directive that pro se complaints be construed liberally, the Court does not find that Plaintiff has plead a claim for which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Accordingly, Plaintiff's claims are DISMISSED without prejudice and without further opportunity to amend. The Court does not afford an additional opportunity to amend because it already allowed Plaintiff to amend her complaint. Plaintiff's motion to appoint counsel (Dkt. No. 12) is DENIED. The Clerk is DIRECTED to close this case.

---

[1] As mentioned in the Court's prior order to dismiss, the Seattle Police Department and King County ADA are not entities that can be sued under 28 U.S.C. § 1983. (Dkt. No. 10 at 3.)

DATED this 7th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE